UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>R. ST. ANDRE, et al.,<br><br>　　　　　Defendants. | No.  2:23-cv-0177 DAD DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims officers started a riot, filed false reports regarding the riot, denied him access to medical treatment, and failed to properly classify and respond to his grievances.  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 6.) and his complaint (ECF No. 1) for screening.  For the reasons set forth below, the undersigned will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  (ECF No. 6.)  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff alleges that the events giving rise to the claim occurred while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1 at 1.) He has identified the following individuals as defendants: (1) R. St. Andre, Warden at HDSP; (2) L. Martinez, Associate Warden at HDSP; (3) Roberty Peery, Associate Warden at HDSP; (4) Kimberly Thornton, Chief Deputy Warden at HDSP; (5) M. Knedler, Associate Warden at HDSP; (6) N. Albonico, Associate

3

Warden at HDSP; (7) M. Brown, Correctional Captain at HDSP; (8) Howard Moseley, Chief of Appeals at the California Department of Corrections and Rehabilitation ("CDCR"); (9) Marco Escobar, Classification Staff Representative at CDR; (10) A. Gustafson, Correctional Lieutenant at HDSP; (11) W. Hicks, Correctional Lieutenant, at HDSP; (12) G. Watkins, Correctional Lieutenant at HDSP; (13) A. Greer, CDCR employee; (14) Haley Courtney, social worker employed at HDSP; (15) Brittany Alrire, Correctional Counselor, at HDSP; (16) Lori Bonzek, office technician, at HDSP; (17) Nate Smith, Correctional Sergeant, at HDSP; (18) N. Miller, Correctional Officer, at HDSP; (19) M. Strachota, Correctional Sergeant, at HDSP; (20) Brad Alkire, Correctional Officer at HDSP; (21) S. Ireland, Correctional Officer at HDSP; (22) Kevin Rueter, Chief Medical Executive at HDSP; (23) Eric Stokmanis, Chief Physician at HDSP; and (24) Robert Gray Jr., Primary Care Physician at HDSP.  (Id. at 2-3.)

The complaint contains the following allegations:

- Defendants put plaintiff's safety at risk by allowing inmate John Doe who had been housed in a quarantined unit into plaintiff's housing unit.  Plaintiff also claims that one of the defendants gave inmate Doe misinformation that started a riot on February 11, 2022.  (Id. at 4.)
- Defendants authored false and incomplete incident reports following the riot.  (Id. at 5.)
- Plaintiff's safety was put at risk when he was improperly given an "R" suffix during an October 22, 2022, institutional classification committee.[1]  (Id. at 7.)
- Plaintiff was denied medical treatment at an unspecified time based on HDSP's "transportation staff's exaggerated security concerns" regarding the need to restrain plaintiff with "mechanical restraints with an alleged security black box attached."  (Id. at 8-9.)

////

---

[1] Title 15 of the California Code of Regulations § 3377.1(b) provides that "[a]n 'R' suffix shall be affixed to an inmate's custody designation to ensure the safety of inmates, correctional personnel, and the general public by identifying inmates who have a history of specific sex offenses as outlined in Penal Code (PC) Section 290."  Section § 3377.1(b) further provides for when an "R" suffix may be affixed and when it should be removed.

- The restraints defendants told plaintiff would be used for transport to outside facility failed to comply with California Code of Regulations § 3268.2. (Id. at 16-17.)
- Plaintiff was treated differently than other inmates who were occasionally transported without the use of the black box. (Id. at 9.)
- Plaintiff was placed in secure housing, lost credits, and received a rules violation report based on false incident reports. (Id. at 12.)
- During a hearing to determine whether plaintiff would be found guilty of a rules violation report, the hearing officer failed to introduce the evidence plaintiff requested. (Id. at 13.)
- Plaintiff challenges the findings of an interview with a social worker performed in advance of the rules violation report. (Id. at 14.)
- He was found guilty of a rules violation based on false reports, selective portions of video footage, and false mental health assessment. (Id. at 14-15.)
- Plaintiff was denied proper process under California Code of Regulations, Title 15, § 3321 related to the use of confidential information. (Id. at 22.) He states that the proper disclosure forms were not issued and as a result he was not able to appeal the validity of the sources of confidential information. (Id.) He alleges officials took such action to sabotage his parole hearing. (Id.)
- His grievances were not processed in order to intimidate him and dissuade him from pursuing a grievance. (Id. at 18, 24.)
- Officials stated they did not receive one of his grievances, but he confirmed that he submitted it by mail and confirmed based on his confidential legal mail log. (Id. at 26.)

**III.    Federal Rules of Civil Procedure 18(a) and 20(a)(2)**

As set forth above, plaintiff has brought numerous allegations against over twenty defendants. The allegations stated in the complaint implicate claims arising under the First, Eighth, and Fourteenth Amendments. While there may be some overlap, many of these claims involve different defendants, different facts, and are based on unrelated issues of law. Additionally, while many of the allegations appear to stem from the February 11, 2022, riot, other claims such as those regarding transportation to outside medical appointments, the affixation of

an "R" suffix, and the lack of notice regarding confidential information do not appear to relate to the riot.

Plaintiff is informed that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was no "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims are based on alleged violations of plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

If plaintiff elects to file an amended complaint he should assert only claims arising from common events and containing common questions of law. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the

////

1   required fees." (citing 28 U.S.C. § 1915(g)).  Alternatively, plaintiff may elect a single defendant

2   and bring as many claims as he has against that party.  See Fed. R. Civ. P. 18(a).

## AMENDING THE COMPLAINT

4   As set forth above, the complaint fails to comply with the requirements of the Federal

5   Rules of Civil Procedure and will be dismissed with leave to amend.  However, plaintiff will have

6   the opportunity to file an amended complaint.  Plaintiff is advised that in an amended complaint

7   he must clearly identify each defendant and the action that defendant took that violated his

8   constitutional rights.  The court is not required to review exhibits to determine what plaintiff's

9   charging allegations are as to each named defendant.  The charging allegations must be set forth

10  in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.

11  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff

12  should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

13  Any amended complaint must show the federal court has jurisdiction, the action is brought

14  in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

15  contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

16  personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

17  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

18  of a constitutional right if he does an act, participates in another's act or omits to perform an act

19  he is legally required to do that causes the alleged deprivation).

20  In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

21  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

22  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

23  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24  The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

25  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

26  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

27  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

28  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

////
////
////
////
////

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 1, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/kni0177.scrn