UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>         Plaintiff,<br><br>    v.<br><br>R. ST. ANDRE, et al.,<br><br>         Defendants. | No.  2:23-cv-00177-DAD-DB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  The court granted plaintiff's application to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend on November 2, 2023.  (ECF Nos. 6, 8.) Plaintiff was granted thirty days to file an amended complaint.  (ECF No. 8.)

Plaintiff timely filed a First Amended Complaint on November 30, 2023. (ECF No. 10.) He filed an additional, and substantively similar document titled "First Amended Complaint" on December 18, 2023.  (ECF No. 11.)  For the reasons set forth below, the undersigned dismisses plaintiff's First Amended Complaint (FAC) and grants plaintiff an additional opportunity to amend.

////

////

////

1

# SCREENING

## I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

>. . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the First Amended Complaint**

Plaintiff asserts § 1983 claims, alleging numerous constitutional violations, against the following defendants, individually: 1) R. St. Andre, Warden; 2) N. Miller, Correctional Officer; 3) G. Watkins, Correctional Lieutenant; 4) Kimberly Thornton, Chief Deputy Warden; 5) Haley Courtney, Social Worker; 6) Lori Bonzek, Office Technician; 7) Brittany Alkire, Correctional Counselor; 8) L. Martinez, Associate Warden; 9) Marco Escobar, Classification Staff Representative at CDR;  10) Howard Moseley, Chief of Appeals at the California Department of Corrections and Rehabilitation ("CDCR").  (ECF No. 11 at 1, 3.)  The allegations primarily concern violations related to plaintiff's disciplinary proceedings.  (See generally, ECF No. 11.)  Though not expressly stated in the complaint, from what the court can an infer from plaintiff's factual allegations, plaintiff was subjected to disciplinary proceedings after he was charged with

////

starting a riot on February 11, 2022.  (Id. at 8.)  Plaintiff was found guilty as a result of those proceedings.  (See id. at 4.)  Plaintiff alleges the following facts:

- Defendant Watkins did not allow plaintiff to present audio and video surveillance evidence and witness testimony during disciplinary proceedings.  (Id. at 4, 8.)
- Defendant Watkins said the video evidence did not exist; however, after a "guilty finding" was rendered, the video surfaced.  (Id. at 4.)
- During the disciplinary hearing, defendant Miller submitted three narratives, upon which the hearing officer relied as evidence.  (Id. at 4-5.)  However, the narratives were not written by defendant Miller.  (Id.)
- Although plaintiff is a patient under the Correctional Mental Health Delivery system, no mental health assessment of plaintiff was ever conducted, which runs contrary to prison procedures.  (Id. at 4.)
- Plaintiff brings unspecified allegations of due process violations against Chief Disciplinary Officer Kimberly Thornton, who "acquiesced" to the alleged "procedural wrongs."  (Id. at 5.)
- Plaintiff filed a grievance against the staff after the disciplinary action.  (Id. at 6.)  However, defendants Bonze, Alkire, and Allison filed the complaint as a complaint against another inmate.  (Id.)  Plaintiff alleges that defendants intentionally mis-designated the complaint to create "barriers to the process" and put him "at risk as a snitch."  (Id.)  Defendant St. Andre "acquiesced" to these actions.  (Id.)
- Defendant Nate Smith caused the riot incident that led to the disciplinary action by spreading misinformation about Black inmates taking Hispanic inmates' quarterly packages.  (Id. at 8.)
- Though not apparently related to the disciplinary hearings, plaintiff alleges defendants Brittany Alkire and Asociate Warden L. Martinez improperly designated him as a sex offender on October 22, 2022.  (Id. at 7.)

////

4

Plaintiff does not indicate what punishment he faced, such as whether he was assessed good time credits or placed in segregation because of the disciplinary proceedings. Plaintiff requests nominal damages, compensatory damages, and injunctive relief. (Id. at 10.) He asks that the charges and records from the disciplinary action be dismissed and expunged from his central file. (Id.)

### III. Does Plaintiff State a Claim under § 1983?

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). To state a claim, plaintiff must first identify the interest at stake. Id. Liberty interests may arise from the Due Process Clause itself or from state law. Id.

#### A. No Due Process Claim Because No Identified Liberty Interest

The Due Process Clause does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue. Id. at 221–23 (citing Sandin v. Conner, 515 U.S. 472, 481–84 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted).

Here, plaintiff has not identified the liberty interest at stake. For instance, he has not alleged that he was placed in segregation or assessed good time credits or an otherwise "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Accordingly, plaintiff has not alleged enough facts to support a due process claim and therefore his due process claims are dismissed with leave to amend.

#### B. No Due Process Claim Because No Deprivation of Procedural Protections

Plaintiff's due process claims also fails because he has not adequately alleged that he was deprived of procedural protections during the disciplinary proceedings. "The inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in

5

his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). "The Supreme Court's decision in Wolff bestows a substantial amount of discretion upon prison officials to decide whether and when to call live witnesses at a disciplinary hearing." Buren v. Waddle, 2016 WL 5890030, at *2 (E.D. Cal. Oct. 11, 2016). Prison officials may choose to refuse an inmate's request to call witnesses for reasons of "irrelevance, lack of necessity, or the hazards presented in individual cases." See Wolff, 418 U.S. at 566. In Wolff the court suggested it would be "useful," but did not require, that prison officials provide written reasons for denying an inmate the right to call live witnesses. Baxter v. Palmigiano, 425 U.S. 308, 323 (1976). Meanwhile, "[A]s a general rule, inmates 'have no constitutional right to confront and cross-examine adverse witnesses' in prison disciplinary hearings." Santibanez v. Havlin, 750 F. Supp.2d 1121, 1128 (E.D. Cal. 2010). Still, a prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence, including video surveillance. See e.g., Howard v. Copenhaver, 2015 WL 404092 *3 (E.D. Cal. Jan. 28, 2015); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813-14 (10th Cir. 2007) (an unjustified refusal to produce and review video that a prisoner contends would bolster his defense is a deprivation of the right to due process).

      Here, plaintiff alleges he was "denied of the right to present audio and video surveillance of the incident [] and denied of the right to present evidence of incomplete and third party reports." (ECF No. 11 at 4.) With respect to witness testimony, plaintiff has not alleged whether he requested witness testimony and what justification, if any, defendant provided in denying plaintiff's requests. Plaintiff has also not alleged the existence of relevant witness testimony.

      Plaintiff has also not alleged that the hearing officer unjustifiably refused to produce and review exculpatory surveillance video evidence. To the contrary—the hearing officer informed plaintiff that the video was not available during the disciplinary hearing. (Id.) This allegation suggests that the hearing officer's decision to deny surveillance video was reasoned, as opposed to arbitrary. See e.g., Howard, 2015 WL 404092 at *3 (a prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence, including video surveillance). The allegation that the surveillance video was not available at the time of the disciplinary hearing but was

1 available later does not support a reasonable inference that the officer unjustifiably withheld
2 evidence. (ECF No. 11 at 4.) Twombly, 550 U.S. at 555 (a complaint must contain factual
3 allegations sufficient "to raise a right to relief above the speculative level.")

4     Plaintiff's allegation that the hearing officer relied on the narrative statements submitted
5 by defendant Miller but written by a third party, also does not support a due process claim. (Id.)
6 As long as there is "some evidence" in the record relevant question is whether there is any
7 evidence in the record that could support the conclusion reached by the disciplinary board, the
8 standard for sufficiency of evidence has been met. Superintendent v. Hill, 472 U.S. 445, 454-455
9 (1985).

10     Finally, plaintiff's allegations against defendant Thorton do not contain sufficient facts
11 from which the court can infer a due process violation. Plaintiff alleges "chief disciplinary officer
12 Kimberly Thornton is required to review and adjudicate the disciplinary process for due process
13 issues but failed to do so to take corrective measures for fairness and acquiesced to procedural
14 wrongs." (ECF No. 11 at 4.) These allegations are vague and conclusory. Therefore plaintiff has
15 not sufficiently alleged defendant Thornton's involvement. See Ivey, 673 F.2d at 268.

16     **C. No Due Process Claim Based On Title 15 Violations**

17     Plaintiff alleges his due process rights were violated because the social worker never
18 conducted a mental health assessment even though he is a patient under the Correctional Mental
19 Health Delivery system, and that the hearing officer relied on the social worker's opinions to
20 render his decisions. (Id. at 4-5.) However, the fact that the social worker violated internal
21 policies by not conducting a mental health assessment does not amount to a due process violation,
22 as there is no federal constitutional liberty interest in compliance with state prison regulations.
23 Solomon v. Felker, 2013 WL 5375538, at *12 (E.D. Cal. Sept. 24, 2013) ("Plaintiff's allegation
24 that the defendants failed to adhere to the prison's own institutional policies and procedures does
25 not, by itself" give rise to a constitutional violation); Sandin v. Conner, 515 U.S. 472, 481–82,
26 (1995) (recognizing prison regulations are "primarily designed to guide correctional officials in
27 the administration of a prison" and are "not designed to confer rights on inmates"); Hovater v.
28 Robinson, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("[A] failure to adhere to administrative

regulations does not equate to a constitutional violation."); see also Armstrong v. Warden of USP Atwater, 2011 WL 2553266, at *8 (E.D. Cal. June 24, 2011) (citing same). Indeed, Title 15 of the California Code of Regulations, which includes regulations governing the administration of state prisons, does not confer a private right of action for inmates to sue to enforce the regulations or to obtain damages. Vasquez v. Tate, 2012 WL 6738167, at *9 (E.D. Cal. Dec. 28, 2012) (finding no federal due process violation based on prison's failure to comply with Title 15 because no authority establishes the existence of a private right of action). Accordingly, because there is no liberty interest in compliance with state prison regulations, plaintiff's claim that the social worker violated his due process rights by failing to conduct a mental health assessment, and that the hearing officer relied on her opinions, does not set forth cognizable constitutional violations.

For these same reasons, plaintiff's claim that his safety was put at risk when Brittany Alkire and Associate Warden L. Martinez improperly gave him an "R" suffix during an October 22, 2022, institutional classification committee, in violation of Title 15 of the California Code of Regulations § 3377.1(b), also fails to state a claim.[1] (Id. at 7.)

### D. No Eighth Amendment Claim

Plaintiff alleges deliberate indifference to health and safety in violation of the Eighth Amendment. (Id. at 8.) "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Two requirements must be met to show an Eighth Amendment violation. Farmer, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citation and internal quotation marks omitted). Second, "a prison official must

---

[1] The court also notes that plaintiff made identical allegations in his prior complaint and was informed that claims that do not share a factual basis cannot be brought in the same action. (ECF No. 7 at 6-7.) ("Additionally, while many of the allegations appear to stem from the February 11, 2022, riot, other claims such as those regarding transportation to outside medical appointments, the affixation of an "R" suffix, and the lack of notice regarding confidential information do not appear to relate to the riot.)

8

1  have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of
2  deliberate indifference." Id. (citations and internal quotation marks omitted). Prison officials act
3  with deliberate indifference when they know of and disregard an excessive risk to inmate health
4  or safety. Id. at 837. The circumstances, nature, and duration of the deprivations are critical in
5  determining whether the conditions complained of are grave enough to form the basis of a viable
6  Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). Mere
7  negligence on the part of a prison official is not sufficient to establish liability, but rather, the
8  official's conduct must have been wanton. Farmer, 511 U.S. at 835.

9  Here, plaintiff alleges defendant Nate Smith spread "inaccurate information with racial
10 implications to inmate john doe that the blacks are responsible for the Hispanics not receiving
11 their quarterly packages" and that the riot incident that led to the disciplinary action was "because
12 of this harmful information." (ECF No. 11 at 8.) First, plaintiff's allegations of defendant's
13 Smith's conduct are vague. It is unclear what plaintiff mean by "spread inaccurate information
14 with racial implications." (Id.) Further, plaintiff has not alleged that defendant disregarded an
15 excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. Accordingly, this claim is
16 dismissed with leave to amend.

### E. No First Amendment Claim

18 The First Amendment right to access to the courts "extends to prison grievance
19 procedures." Carr v. Stelzer, 733 F. App'x 361, 362 (9th Cir. May 2, 2018) (citations omitted).
20 However, a prisoner has no constitutional right to a particular grievance process, and there are no
21 constitutional requirements regarding how a grievance system is operated, even if plaintiff
22 believes the process to be unfair or not accurate. See Ramirez, 334 F.3d at 860; Mann v. Adams,
23 855 F.2d 639, 640 (9th Cir. 1988). "Even if prison officials delay, deny, or erroneously screen
24 out a prisoner's inmate grievance, they have not deprived him of a federal constitutional right."
25 Alford v. Gyaami, 2015 WL 3488301, at *10 n.2 (E.D. Cal. June 2, 2015); Wright v. Shannon,
26 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (allegations that prison officials denied or
27 ignored inmate appeals failed to state a cognizable claim under the First Amendment).

Here, the FAC alleges Lori Bonzek and Britany Alkire defendants incorrectly categorized plaintiff's complaint as a complaint against another inmate, as opposed to a complaint against staff. (ECF No. 11 at 6.) Plaintiff alleges that this incorrect designation was intentional and done to create a barrier to the process and "put him at risk as a snitch." (Id.) However, these allegations do not amount to a First Amendment claim. First, even if defendant Bonzek and defendant Alkire incorrectly filed plaintiff's grievance form as an inmate complaint, and that error cause delay, such facts do not give rise to a constitutional claim. See Alford, 2015 WL 3488301, at *10 n.2. ("Even if prison officials delay, deny, or erroneously screen out a prisoner's inmate grievance, they have not deprived him of a federal constitutional right.") Further, plaintiff's allegations that the grievance forms were incorrectly filed and that defendants intentionally tried to create a barrier to the process and put plaintiff at risk as a snitch are speculative at best. Accordingly, plaintiff fails to state a claim for First Amendment Violations.

In sum, plaintiff has not stated a claim for relief under § 1983 and his FAC will be dismissed. However, the undersigned will grant plaintiff another opportunity to file an amended complaint.

**AMENDING THE COMPLAINT**

As set forth above, the amended complaint fails to state a cognizable claim. However, plaintiff will be given the opportunity to file an amended complaint. Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

1  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
2  of a constitutional right if he does an act, participates in another's act or omits to perform an act
3  he is legally required to do that causes the alleged deprivation).

4        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
5  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.
6  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or
7  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d
9  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be
12  set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema
13  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
14  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15        An amended complaint must be complete in itself without reference to any prior pleading.
16  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.
17  Any amended complaint should contain all of the allegations related to his claim in this action.  If
18  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended
19  complaint.

20        By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
21  has evidentiary support for his allegations, and for violation of this rule the court may impose
22  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

23  **CONCLUSION**

24        For the reasons set forth above, IT IS HEREBY ORDERED that:

25        1. Plaintiff's FAC (ECF No. 11) is dismissed with leave to amend.

26  ////

27  ////

28

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  March 27, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB17
DLB17/orders/prisoner-civil rights/knig0177.scrn2