1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARENCE V. KNIGHT,                     No.  2:23-cv-0177 DAD DB P

12              Plaintiff,

13        v.                                 ORDER

14   R. ST. ANDRE, et al.,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42

18   U.S.C. § 1983.  Before the court is plaintiff's second amended complaint for screening.  For the

19   reasons set forth below, this court finds plaintiff has stated a potentially cognizable claim against

20   defendant Watkins but does not state any other claims.  Those other claims and defendants will be

21   dismissed.  Plaintiff will be given a choice.  He may either proceed immediately on his claim

22   against defendant Watkins or he may file a third amended complaint.

23                                  **SCREENING**

24   **I.        Legal Standards for §1983 Claims**

25        As described in this court's prior screening orders, the court is required to screen

26   complaints brought by prisoners to determine whether they sufficiently state claims under 42

27   U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual

28   basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28

                                          1

(9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights.  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

## II.     Allegations in the Second Amended Complaint

Plaintiff complains of conduct that occurred in 2022 when he was incarcerated at High Desert State Prison ("HDSP").  He identifies the following defendants: (1) R. St. Andre, Warden; (2) N. Miller, Correctional Officer ("CO"); (3) G. Watkins, Correctional Lieutenant; (4) Nate Smith, Correctional Sergeant; (5) D. Acosta, Correctional Officer; (6) M. Darst, Correctional Officer; and (7) M. Knedler, Associate Warden.

Plaintiff's allegations involve a Rules Violation Report ("RVR") he received after a riot on February 11, 2022 and the subsequent disciplinary hearing, the finding that plaintiff committed battery with a deadly weapon, and the imposition of punishment.  Plaintiff complains of the following conduct by each defendant:

- Sergeant Smith "weaponized" another inmate to disseminate false information which caused the riot.

- Lieutenant Watkins refused to permit plaintiff to introduce exculpatory audio and video evidence during the May 21, 2022 disciplinary hearing; and failed to consider other exculpatory evidence, including the statement plaintiff made.  Plaintiff further alleges Watkins conducted the disciplinary hearing in this manner to protect defendant Smith.

- Plaintiff appears to allege that he gave CO Darst, the first investigative officer for the hearing, a written statement, requested the presence of employee Miller at the hearing, and showed Darst his grievance regarding audio and video evidence.  That information does not appear in the disciplinary hearing results.  Therefore, according to plaintiff, the hearing officer did not consider it.

////

2

- Plaintiff appears to allege that the second investigative office, CO Acosta, either failed to correctly repeat the statement plaintiff provided for the disciplinary hearing record or that Acosta did repeat it but the record did not reflect that statement.
- Plaintiff appears to allege that he requested a further statement from CO Miller to ask him why his three statements differed from the RVR he authored and whether he in fact authored the RVR.  In can be inferred that plaintiff was unable to get that additional statement from Miller.  Plaintiff further appears to be alleging that someone else wrote the RVR and he was unable to question that person during the hearing.
- Associate Warden Knedler failed to properly review the results of the disciplinary hearing which violated Penal Code §2932.
- Warden St. Andre failed to train Watkins and Knedler in the disciplinary process.

Plaintiff concludes that these violations of his rights resulted in the disciplinary guilty finding and the imposition of a 365-day loss of behavior credits and an 18-month term in the Security Housing Unit ("SHU").  Plaintiff seeks compensatory and punitive damages and dismissal of the disciplinary conviction.

### III.    Does Plaintiff State a Claim under § 1983?

Plaintiff appears to be asserting four legal claims.  First, he contends that defendant Smith caused false information to be disseminated, which resulted in the riot.  Second, plaintiff alleges actions of defendants Watkins, Darst, and Acosta violated his rights to due process in the disciplinary process.  Third, plaintiff alleges defendant Knedler failed to comply with state law regarding the review of disciplinary hearing results.  Fourth, plaintiff alleges defendant St. Andre failed to properly train defendants Watkins and Knedler in disciplinary procedures.

### A.  False Information

Plaintiff was found guilty of battery with a deadly weapon.  Plaintiff does not explain how defendant Smith's alleged actions resulted in plaintiff's guilty finding.  Plaintiff either did, or did not, commit battery with a deadly weapon.  Even if plaintiff could show Smith caused the riot, it does not follow that plaintiff did not commit battery.  Plaintiff fails to connect the alleged actions

////

3

of Smith with the harm he complains of.  Accordingly, plaintiff's claim against Smith will be dismissed with leave to amend.

### B.  Conduct of Disciplinary Proceedings

#### 1.  Legal Standards

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system.  <u>See</u> <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply.  <u>See</u> <u>id.</u>  But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe.  <u>See</u> <u>id.</u> at 556–57, 571–72 n.19.

<u>Wolff</u> established five constitutionally mandated procedural requirements for disciplinary proceedings.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  <u>Id.</u> at 564.  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]."  <u>Id.</u>  Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action."  <u>Id.</u> (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals."  <u>Id.</u> at 566.  And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid  . . . from the staff or from a[n] . . . inmate designated by the staff."  <u>Id.</u> at 570.

Additionally, "some evidence" must support the decision of the hearing officer.  <u>Superintendent v. Hill</u>, 472 U.S. 445, 455 (1985).  The standard is not particularly stringent and

1  the relevant inquiry is whether "there is any evidence in the record that could support the

2  conclusion reached." Id. at 455–56.  However, the evidence must have some indicia of reliability.

3  Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

4          **2.   Discussion of Due Process Claims**

5        Plaintiff challenges the fourth requirement set out by Wolff.  He contends he was denied

6  the right to present evidence at the disciplinary proceeding.  A prison disciplinary body may not

7  arbitrarily refuse to consider exculpatory evidence, including video surveillance.  See, e.g.,

8  Howard v. Copenhaver, No. 1:14-cv-00373 LJO MJS, 2015 WL 404092 *3 (E.D. Cal. Jan. 28,

9  2015); Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813-14 (10th Cir. 2007) (an unjustified

10  refusal to produce and review video that a prisoner contends would bolster his defense is a

11  deprivation of the right to due process).

12        Plaintiff has alleged a minimally sufficient claim that defendant Watkins failed to permit

13  him to present evidence at the disciplinary hearing.

14        Plaintiff's allegations against defendants Darst, Acosta, and Miller are less clear.  Plaintiff

15  alleges he gave Darst his "written statement and requested the written employee C/O N. Miller to

16  be present and showed him the rough draft of Grievance Log #230953 detailing specific audio

17  and video evidence in defense of the charged offense . . . The requests and reports of the

18  investigative employee is absent in the disciplinary hearing results as required."  (ECF No. 16 at

19  4.)  Plaintiff does not explain what Darst did that violated his rights.  He does not seem to contend

20  Darst failed to provide the evidence to the hearing officer.  Rather, plaintiff contends the evidence

21  is not contained in the disciplinary hearing results, which could be construed as a complaint about

22  defendant Watkins, the hearing officer.

23        Plaintiff fails to allege a plausible §1983 claim against defendant Darst.  The claim will

24  be dismissed with leave to amend.

25        Plaintiff's allegations against defendant Acosta are also unclear.  Plaintiff states Acosta

26  "collected my statement and request for witnesses.  The written statement by C/O D. Acosta is

27  also a statement which could've only come from the presented documentary evidence Grievance

28  Log #230953 which is contrary to my written statement on record in the disciplinary hearing

results." (ECF No. 16 at 5.)  It is unclear if plaintiff is alleging Acosta's statement is incorrect or that it correctly reflected plaintiff's statement, but that statement was not placed on the record of the hearing.  Plaintiff fails to allege a plausible §1983 claim against Acosta.

The claim will be dismissed with leave to amend.

Plaintiff's allegations against defendant Miller also lack clarity.  Plaintiff seems to be alleging he was not allowed to question Miller about whether or not he authored the RVR.  However, plaintiff does not contend that Miller had any role in barring that evidence.  Plaintiff also seems to be alleging that Miller did not, in fact, author the RVR.  However, plaintiff fails to allege any facts showing that if another officer authored the RVR, the result of his disciplinary hearing would have been different.  In other words, plaintiff fails to show that questioning a different officer about the RVR would have lead to exculpatory evidence.  Plaintiff fails to state a §1983 claim against defendant Miller.

While this court finds it unlikely plaintiff can state a claim against Miller based on these facts, plaintiff will be given the opportunity to attempt to do so one last time.

### C.  Review of Disciplinary Findings

Plaintiff alleges defendant Knedler violated state law in his review of the disciplinary findings.  A violation of state law is not a claim cognizable under §1983.  42 U.S.C. §1983.  Further, plaintiff's allegations are not sufficient to state a federal constitutional claim.  Plaintiff does not a have protected liberty interest in the processing of his appeals.  Therefore, a claim for denial of due process with respect to the handling or resolution of his appeals is typically not cognizable under §1983.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  Plaintiff may be able to allege a constitutional violation if he can allege facts showing that Knedler knew plaintiff was denied the right to present evidence during the disciplinary hearing, had the authority to correct the problem, and failed to take that corrective action.

### D.  Failure to Train

Plaintiff's final allegation is that defendant St. Andre failed to train defendants Watkins and Knedler in the procedures for disciplinary hearings and review.  Plaintiff's allegations are far

too vague to state a claim.  In order to state a claim that his rights were violated by a supervisor's

failure to train officers, plaintiff must allege facts showing:  (1) that the defendant was

responsible for that training, (2) just what the defendant did or did not do, (3) that the defendant

knew his actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm.  See

Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory

liability claim when no facts "suggest [Sheriff] provided any training to Officers...., or that he was

responsible for providing formal training to any officers.").

## PROCEEDING OR AMENDING THE COMPLAINT

As set forth above, plaintiff alleges a potentially cognizable claim against defendant

Watkins in the second amended complaint.  Plaintiff fails to allege potentially cognizable claims

against the remaining defendants.  Plaintiff has a choice.  He may proceed immediately on the

claim found potentially cognizable herein or he may file a third amended complaint.  Plaintiff is

advised that if he chooses to proceed on the claim against Watkins, he will be voluntarily

dismissing his other claims and defendants.  Plaintiff is further advised that he has had multiple

opportunities to state claims.  If plaintiff chooses to file a third amended complaint and fails to

state claims against some defendants, it is likely this court will recommend those claims and

defendants be dismissed without leave to amend.

If plaintiff chooses to file a third amended complaint, he must clearly identify each

defendant and the action that defendant took that violated his constitutional rights.  The court is

not required to review exhibits to determine what plaintiff's charging allegations are as to each

named defendant.  The charging allegations must be set forth in the amended complaint, so

defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not

provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain

statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought

in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

1 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

2 of a constitutional right if he does an act, participates in another's act or omits to perform an act

3 he is legally required to do that causes the alleged deprivation).

4       In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6 R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7 occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8       The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10 heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12 set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

13 N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

14 which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15       An amended complaint must be complete in itself without reference to any prior pleading.

16 E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

17 Any amended complaint should contain all of the allegations related to his claim in this action.  If

18 plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

19 complaint.

20       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

21 has evidentiary support for his allegations, and for violation of this rule the court may impose

22 sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

23 **CONCLUSION**

24       For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as

25 follows:

26     1.  Plaintiff has stated a cognizable due process claim against defendant Watkins.

27     2.  Plaintiff's other claims and defendants are dismissed with leave to amend.

28     3.  Plaintiff may choose to proceed on his cognizable claim against defendant Watkins as

8

set out above or he may choose to amend his second amended complaint.  If plaintiff chooses to proceed on his cognizable claim in the second amended complaint, he shall voluntarily dismiss his other claims and defendants.

      4.  Within thirty days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

      5.  Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  June 3, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/knig0177.SAC lta or proceed

9

1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CLARENCE V. KNIGHT,                    No.  2:23-cv-0177 DAD DB P

12                    Plaintiff,

13          v.                               PLAINTIFF'S NOTICE ON HOW TO
                                             PROCEED
14    R. ST. ANDRE, et al.,

15                    Defendants.

16

17    Check one:

18    _____    Plaintiff wants to proceed immediately on his due process claim against defendant

19             Watkins in the second amended complaint.  Plaintiff understands that by going forward

20             without amending the second amended complaint he is voluntarily dismissing all other

21             claims and defendants.

22    _____    Plaintiff wants to amend the second amended complaint.

23

24    DATED:_____

25

26

27
                                             _____
28                                           Plaintiff Clarence V. Knight, Pro Se

                                                          10