UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE V. KNIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. ST. ANDRE, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-0177-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

　　　　Currently pending before the court is defendant's motion to revoke plaintiff's in forma pauperis ("IFP") status based on the three strikes provision of the Prison Litigation Reform Act ("PLRA"). ECF No. 30; 28 U.S.C. § 1915(g). The motion has been fully briefed by the parties. See ECF Nos. 33, 34. For the reasons explained in further detail below, the undersigned recommends denying the motion.

////

////

////

////

1

## I. Factual and Procedural History

Plaintiff commenced this action on January 23, 2023 by filing a complaint against various correctional officers employed at High Desert State Prison.[1]  ECF No. 1.  By order dated November 2, 2023, the court granted plaintiff's motion to proceed IFP and dismissed his complaint with leave to amend.  ECF No. 7.  Plaintiff filed a first amended complaint that was once again dismissed with leave to amend on March 27, 2024.  ECF No. 12.  This case is now proceeding on the second amended complaint, which asserts a procedural due process claim against defendant Watkins for denying plaintiff the right to present evidence in his favor at a disciplinary hearing.  See ECF Nos. 16, 17 (screening order), 18 (notice of election).  The remaining defendants were dismissed by order dated July 19, 2024.  ECF No. 19.

## II. Defendant's Motion to Revoke In Forma Pauperis Status

On December 16, 2024, defendant Watkins filed a motion to revoke plaintiff's IFP status asserting that five of his previously filed civil actions had been dismissed on the grounds that they were "frivolous, malicious, or failed to state a claim upon which relief may be granted…."  ECF No. 30 (citing 28 U.S.C. § 1915(g)).  As part of the motion, defendant requests that the court take judicial notice of these five civil actions.  ECF No. 30-1.  Defendant further contends that plaintiff's case does not fall within the imminent danger exception to the three strikes rule to be allowed to proceed IFP.  ECF No. 30.  Defendant requests that plaintiff's second amended complaint be dismissed without prejudice.  ECF No. 30.

In his opposition, plaintiff responds that he has not been declared a vexatious litigant and has no need for the imminent danger exception because the court has already granted him IFP status.  ECF No. 33.  Plaintiff characterizes defendant's motion as a tactic designed to further delay his case.  Id.  Finally, plaintiff suggests that there is another individual identified as "Clarence V. Knight" from Baltimore, Maryland, but he does not indicate if this individual is responsible for filing any of the five cases identified as strikes in defendant's motion.[2]  Id.

---

[1] All filing dates are calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

[2] The court notes that every complaint filed by plaintiff includes his unique CDCR Number of C-07508 which is also listed on the court's docket in every case to ensure that plaintiff receives any

By way of reply, defendant points out that plaintiff does not challenge any of the five prior cases alleged to be strikes under 28 U.S.C. § 1915(g), nor does he tender any evidence that another "Clarence V. Knight" filed any of these actions. ECF No. 34. Additionally, "Knight's argument about the 'imminent-danger' exception fails to offer any facts that suggest he was in imminent danger at the time of filing this action."

### III.   Legal Standards

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule. Under this rule, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In defining "frivolous," the Ninth Circuit Court of Appeal has concluded that a claim is frivolous when it lacks any "basis in law or fact" or is "of little weight or importance." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted). A claim is "malicious" when it is "filed with the intention or desire to harm another." Id. Failing to state a claim has been interpreted to be equivalent to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) (citations omitted).

In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d at 1121. If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121. A prisoner's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was

---

mail sent to him by the court. Therefore, the court does not consider this argument.

frivolous, malicious or failed to state a claim." Andrews, 398 F.3d at 1121.

**IV.    Analysis**[3]

1. Knight v. Spearman, No. 2:19-cv-01183 (E.D. Cal.)

Plaintiff filed this as a habeas corpus action pursuant to 28 U.S.C. § 2254, though it concerned personal property from his prior cell mate that was mixed in with his property when he was transferred to a different prison. See ECF No. 1. He requested monetary damages, injunctive, and declaratory relief based on First Amendment and misappropriation of property claims. ECF No. 1 at 53-54. The court redesignated the case as a civil rights action on the docket and screened it pursuant to 28 U.S.C. § 1915A(a) rather than Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. ECF No. 6 at 2. On August 20, 2019, the court dismissed the converted § 1983 complaint with leave to amend because it was "so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief," and failed to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. ECF No. 6 at 4. The same order granted plaintiff 30 days to either pay the $400 filing fee for a § 1983 action or file a motion to proceed in forma pauperis. ECF No. 6 at 6. Plaintiff did not file an amended § 1983 complaint and the case was dismissed without prejudice for failure to prosecute and for failure to comply with a court order. ECF No. 9.

The dismissal in Spearman does not constitute a strike under 28 U.S.C. § 1915(g). Plaintiff filed a § 1983 complaint masquerading as a habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (defining a habeas corpus action as one challenging the legality of a prisoner's custody and seeks earlier or immediate release); Andrews, 398 F.3d at 1122 n. 12 (recognizing that a district court may determine that the dismissal of a habeas petition does in fact constitute a strike for purposes of § 1915(g) when it is simply a mislabeled § 1983 action).

---

[3] The court grants defendants' request for judicial notice of these matters of public record, including publicly accessible court dockets and documents available through the Public Access to Court Electronic Records ("PACER") system. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation omitted).

Having concluded that this case was properly construed as a § 1983 complaint does not end the court's analysis as to whether the dismissal of this action constitutes a strike under § 1915(g). Although "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,'" Knapp v. Hogan, 738 F.3d 1106, 1108 (9th Cir. 2013), in Spearman the court issued a single screening order finding a Rule 8(a) violation. Moreover, the Spearman court specifically found that it was "unable to determine whether the current action is frivolous or fails to state a claim for relief." ECF No. 6 at 4. In light of the Ninth Circuit's emphasis on repeated Rule 8(a) violations as the necessary predicate for deeming the dismissal a strike, and Spearman's specific finding that it could not make a frivolity or failure to state a claim determination, the undersigned finds that this case does not count as a strike for purposes of § 1915(g).

          2.   Knight v. Smith, 1:97-cv-5252-OWW-SMS (E.D. Cal.)

In this case, plaintiff raised a due process claim based on a prison disciplinary violation that resulted in his placement in administrative segregation and the loss of good-time credits affecting his sentencing calculation. ECF No. 30-1 at 19. To prove that the dismissal of this action constitutes a strike, defendants rely on the August 19, 1999 order by the district judge denying plaintiff's motion for reconsideration of the denial of his motion to amend his complaint. ECF No. 30-1 at 14-25. In the same order, the district court also dismissed the complaint without prejudice as Heck barred because granting relief "would undermine the validity of his CDC conviction…." ECF No. 30-1 at 21. A closer inspection of this order also appears to construe plaintiff's claim as an actual habeas petition. ECF No. 30-1 at 22. "Insofar as plaintiff's claims are only cognizable in a petition for writ of habeas corpus, the petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies." ECF No. 30-1 at 22.

The Ninth Circuit Court of Appeals held that "a dismissal may constitute a PLRA strike for failure to state a claim when Heck's bar to relief is obvious from the face of the complaint and the entirety of the complaint is dismissed for a qualifying reason under the PLRA." Washington v. Los Angeles County Sheriff's Dept., 833 F.3d 1048 (9th Cir. 2016). The Ninth Circuit rejected a categorical rule that Heck dismissals constitute strikes because a prisoner's request for

5

1   injunctive relief challenging his conviction and sentence sounds in habeas, which is not a "civil
2   action" under the PLRA. Washington, 833 F.3d at 1057. "Because Washington's Heck-barred
3   damages claims are thus intertwined with his habeas challenge to the underlying sentence, we
4   decline to impose a strike with respect to his entire action." Id. at 1057. Applying Washington to
5   the dismissal of Knight v. Smith, the undersigned concludes that the entire action was not
6   dismissed on the basis of Heck. The court specifically dismissed his habeas claims without
7   prejudice because state court remedies had not been exhausted. See ECF No. 30-1 at 22.
8   Therefore, this case does not constitute a strike under 28 U.S.C. § 1915(g) either.

                3.    Knight v. Menutti, No. 2:99-cv-0903-WBS-JFM (E.D. Cal.)

10      In this case, defendants rely on the May 28, 2022 Findings and Recommendations from a
11  magistrate judge that concluded that plaintiff's third amended complaint failed to state any
12  cognizable federal claim for relief. ECF No. 52. The same order recommended dismissing
13  plaintiff's pendent state law claims without prejudice. ECF No. 52 at 6. These Findings and
14  Recommendations were adopted by the district judge on July 9, 2002. ECF No. 53. The
15  undersigned concludes that the dismissal of this action does not count as a strike in accordance
16  with Harris v. Harris, 935 F.3d at 674, which held that a district court's decision not to exercise
17  supplemental jurisdiction is not a strike because it "is not an enumerated ground under §
18  1915(g)."[4] In this case, the district court order did not dismiss the state law claims for failure to
19  state a claim, or as frivolous or malicious. Therefore, the order of dismissal did not ring the
20  PLRA bell to constitute a strike.

21      The remaining cases cited by defendants, Knight v. Dexter, 3:96-cv-3460 (S.D. Cal.) and
22  Knight v. Nettles, 2:14-cv-6538 (C.D. Cal.) likely are strikes.[5] However, defendants have not met
23  their burden of demonstrating that the other three prior actions discussed above constitute strikes

---

[4] This binding legal authority is noticeably absent from defendant's motion to dismiss.

[5] Dexter is likely a strike because there the court dismissed for failure to state a claim with leave to amend and plaintiff did not amend. ECF Nos. 26, 27. See Harris v. Magnum, 863 F.3d 1133 (9th Cir. 2017) ("[W]e hold that when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). Nettles is likely a strike because there the court specifically found the action frivolous.

pursuant to 28 U.S.C. § 1915(g).  See Andrews, 398 F.3d at 1121.

Defendant also cites 2001 and 2002 district court cases concluding that plaintiff sustained at least three prior strikes.  However, the law defining what constitutes a strike has evolved since both of those judicial decisions were issued.  See Washington, 833 F.3d 1048; Andrews, 398 F.3d 1113.  Moreover, even those judicial decisions are inconsistent as to whether Knight v. Dexter, 3:96-cv-3460 (S.D. Cal.), constitutes a strike.  Compare ECF No. 30-1 at 57 (concluding that it constitutes a strike) with ECF No. 30-1 at 64 (finding that "Defendants' argument that a partially dismissed action is a § 1915(g) strike is without merit, if not abusive.").  Since this court is required to conduct an independent assessment of plaintiff's prior civil actions, the two judicial decisions cited by defendant are simply not relevant information that the court relies upon as part of its analysis.  See Andrews, 398 F.3d at 1121 (emphasizing that the district court should only deny IFP pursuant to 28 U.S.C. § 1915(g) "after careful evaluation of the order dismissing an action, and other relevant information…" and remanding the case to the district court because the magistrate judge did not make "an independent assessment of whether the prior cases were frivolous or malicious or failed to state a claim").  For all these reasons, the undersigned recommends denying defendant's motion to revoke plaintiff's in forma pauperis status.

**V.     Plain Language Summary for Party Proceeding Without a Lawyer**

Since plaintiff is representing himself, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all the documents submitted, the undersigned finds that defendant has not met his burden of demonstrating that you have filed three or more prior civil actions that constitute "strikes" under 28 U.S.C. § 1915(g).  Based on these findings, the magistrate judge recommends denying defendant's motion to revoke your in forma pauperis status.

If you disagree with this recommendation, you have twenty-one days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will make the final decision.

////

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 30) be denied.

2. Defendant be required to file an answer to plaintiff's second amended complaint within 30 days from the adoption of these Findings and Recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE